UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-07-3248 CAS (CWx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | OHIO NATIONAL LIFE ASSURANCE CORPORATION v. DWAYNE E. BROWN; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| No longer in case | Susan Salisbury |
| | Erik Gunderson |

**Proceedings:** DEFENDANTS/CROSS-COMPLAINANTS' MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT (filed 10/04/07)

## I.    INTRODUCTION

On May 16, 2007, plaintiff Ohio National Life Assurance Corporation ("Ohio National") filed a complaint in interpleader, pursuant to Federal Rule of Civil Procedure 22, against defendants Dwayne Brown ("Brown") and Barbara Guerrero ("Guerrero"). Ohio National alleges that on November 26, 2002, it issued to American Home Loans & Investments, Inc. ("AHLI") a level premium term life insurance policy, policy number 6642773 ("the policy"), on the life of Salvador Guerrero ("the insured").[1]  Compl. ¶¶ 6-7. Subsequent to the death of the insured, Brown and Guerrero separately contacted Ohio National, seeking the proceeds payable under the policy. Id. ¶¶ 9-15. Unable to determine whether it should pay the proceeds to Brown or to Guerrero, Ohio National filed the instant interpleader action.

On June 1, 2007, Brown filed an answer, a cross-complaint against Guerrero, and a counterclaim against Ohio National, seeking a declaration that he is entitled to the proceeds under the policy. Brown, the owner of AHLI, alleges that AHLI purchased key employee life insurance on the life of the insured, a "long term employee" who provided "confidential and secure delivery services" as an independent

---

[1] It appears from the record that AHLI is also known as American Home Loans & Investments of the High Desert.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV-07-3248 CAS (CWx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | OHIO NATIONAL LIFE ASSURANCE CORPORATION v. DWAYNE E. BROWN; ET AL. | | |

contractor for AHLI, in order to protect itself against losses occasioned by the death of the insured. Brown's Cross-Compl. ¶¶ 1, 3-4. Brown alleges that he was named as beneficiary to the policy "because of tax considerations," and therefore, he is entitled to the proceeds under the policy. Id. ¶¶ 4.

On June 5, 2007, Guerrero filed answers to the complaint in interpleader and to Brown's cross-complaint. On the same day, Guerrero filed a counterclaim against Ohio National and a cross-complaint against Brown and AHLI (collectively, "the AHLI defendants"), seeking declaratory relief, and alleging against the AHLI defendants claims for tax liability, pursuant to 26 U.S.C. §§ 3403 and 3102(b), and for breach of contract. Guerrero alleges that she was married to the insured at the time of his death and is the beneficiary of his estate. Guerrero Cross-Compl. ¶ 7. Guerrero further alleges that the insured told her that AHLI provided him with life insurance as an employment benefit, that AHLI and/or Brown told the insured that the policy was provided to him as an employment benefit, that the policy was obtained to provide benefits to the insured's family when he died, that she was initially named as the primary beneficiary under the policy, and that it was the intent of all parties that she be the beneficiary under the policy. Id. ¶¶ 8-10. Guerrero alleges that Brown improperly named himself as beneficiary in order to divert the policy proceeds to himself. Id. ¶ 11. Additionally, Guerrero alleges that Brown failed to pay promised wages to the insured and that he failed to withhold and pay taxes on behalf of the insured. Id. ¶¶ 17-18, 20.

On June 5, 2007, Ohio National deposited herein with the Court $101,408.02, the amount payable under the policy plus interest accrued. On September 12, 2007, the parties stipulated to discharge Ohio National from any liability in this matter, and the Court issued an order permanently enjoining defendants from instituting proceedings against Ohio National in connection with the policy.

Brown filed an answer to Guerrero's cross-complaint on June 29, 2007. AHLI filed its answer on July 20, 2007.

On October 4, 2007, the AHLI defendants filed the instant motion for summary judgment or partial summary judgment as to the claims alleged by Guerrero. On November 13, 2007, Guerrero filed an opposition thereto. The AHLI defendants filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-07-3248 CAS (CWx) | | Date | November 26, 2007 |
|---|---|---|---|---|
| Title | OHIO NATIONAL LIFE ASSURANCE CORPORATION v. DWAYNE E. BROWN; ET AL. | | | |

their reply on November 19, 2007. A hearing was held on November 26, 2007. After carefully considering the arguments of the parties, the Court finds and concludes as follows.

**II.   LEGAL STANDARD**

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. See Fed. R. Civ. P. 56(c). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990). See also Celotex Corp., 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. See also Abromson v. American Pacific Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV-07-3248 CAS (CWx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | OHIO NATIONAL LIFE ASSURANCE CORPORATION v. DWAYNE E. BROWN; ET AL. | | |

/ / /
/ / /
/ / /

### III. UNCONTROVERTED FACTS

AHLI is a licensed mortgage broker in California which is owned by Brown. Statement of Uncontroverted Facts ("SUF") Ex. B, Declaration of Dwayne Brown ("Brown Decl.") ¶¶ 1-2. The insured was employed by AHLI. Id. ¶ 6; Declaration of Barbara Guerrero ("Guerrero Decl.") ¶ 2. In 2002, Brown, acting on behalf of AHLI, purchased life insurance policies for certain "business associates" of his, including the insured. Brown Decl. ¶ 10. On November 26, 2002, Ohio Life issued the policy, which had a face amount of $100,000, on the life of the insured. SUF Ex. A. AHLI was the owner of this policy. Id. The policy provides that "[u]nless otherwise provided in the application or in a later writing, beneficiary designations are revocable and the owner may change them at any time." Id.

At one point, AHLI was designated as the proposed primary beneficiary under the policy. Id.; Brown Decl. ¶ 13. Subsequently, on December 7, 2006, Brown was designated as the primary beneficiary under the policy. Compl. ¶ 9; SUF Ex. A.; Brown Decl. ¶ 13. The insured died on February 15, 2007. Guerrero Cross-Compl. ¶ 12. Thereafter, Brown and Guerrero separately sent completed death claims to Ohio National. Declaration of Erik Gunderson ("Gunderson Decl.") Ex. 1.

### IV. DISCUSSION

#### A. Summary Judgment on the Question Whether Guerrero Is Entitled to the Policy Proceeds

The AHLI defendants argue that because Brown was the designated beneficiary at the time of the insured's death, he is entitled to the policy proceeds. Accordingly, the AHLI defendants maintain that summary judgment is appropriate as to Guerrero's claim for a declaratory judgment that she is entitled to the policy proceeds.

The AHLI defendants have not carried their burden of establishing that they are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-07-3248 CAS (CWx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | OHIO NATIONAL LIFE ASSURANCE CORPORATION v. DWAYNE E. BROWN; ET AL. | | |

entitled to judgment as a matter of law on this question. While the AHLI defendants have adduced evidence that Brown was the designated primary beneficiary under the policy as of December 7, 2006, they have pointed to no evidence indicating that Brown was the designated primary beneficiary at the time of the insured's death on February 15, 2007.

Moreover, even were Brown shown to have been the designated primary beneficiary when the insured died, there would be genuine issues of material fact on the question whether Guerrero is entitled to some or all of the policy proceeds. Guerrero argues that because Brown represented to the insured that the policy was an employment benefit that would accrue to his family upon his death, Brown is equitably estopped from now asserting a claim to these proceeds.[2] Additionally, Guerrero appears to argue that she was a third-party beneficiary to a contract between Brown and the insured, by which she was to receive the policy proceeds.

There are facts in the record to support these arguments. Guerrero's daughter, Katha Ruiz ("Katha"), and Katha's husband, Ruben Ruiz ("Ruben"), state that, after the insured's death, Brown represented to them that Guerrero was due to receive policy proceeds. Declaration of Katha Ruiz ("Katha Decl.") ¶ 8; Declaration of Ruben Ruiz ("Ruben Decl.") ¶ 2. Katha and Ruben further state that Brown informed them that the policy was worth approximately $10,000, and that Brown would pay this amount to Guerrero incrementally in order to lessen Guerrero's tax liability. Id. Additionally, Katha and Ruben state that Brown insisted that the policy amount was only $10,000 when Katha questioned this figure. Id. According to Katha, Brown refused to give her a copy of the policy. Katha Decl.[3] ¶ 8. If a jury believed these facts, it could

---

[2] Guerrero has not pled equitable estoppel in her cross-claim or in her answer. The Court deems Guerrero's opposition a motion to amend the pleadings to include a claim of equitable estoppel.

[3] Guerrero also proffers a letter written by an assistant counsel at Ohio National and addressed to a compliance officer at the California Department of Insurance. In this letter, Guerrero's name was initially designated as the primary beneficiary on the application for the policy, completed on August 18, 2002. Gunderson Decl. Ex. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV-07-3248 CAS (CWx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | OHIO NATIONAL LIFE ASSURANCE CORPORATION v. DWAYNE E. BROWN; ET AL. | | |

reasonably conclude that Brown acted in bad faith and in contravention
/ / /
of an agreement between him and the insured when he named himself, rather than Guerrero, the primary beneficiary under the policy.[4]

---

However, the letter states, someone covered Guerrero's name with correction fluid where it appeared as the designated primary beneficiary, and then wrote "American Home Loans & Investments, Inc." over the correction fluid, thereby designating AHLI as primary beneficiary.  Id.

      Because this letter has not been properly authenticated, the Court does not consider its contents in ruling on the instant motion.

    [4] The AHLI defendants argue that because the language in the policy is clear, Brown's alleged statements to Katha, Ruben, and Guerrero do not vary the policy's terms.  See Commerce & Indus. Ins. Co. v. Chubb Custom Ins. Co., 75 Cal. App. 4th 739, 746 (1999) (extrinsic evidence may not be used to vary clear and explicit provisions in an insurance policy).  This argument is unavailing because if a jury believed that Brown made such statements, it could reasonably conclude that Brown had entered into an agreement with the insured, which was extrinsic to the policy, and that Guerrero was the third party beneficiary of this agreement.  Additionally, these alleged statements are relevant to show that the AHLI defendants engaged in the alleged fraudulent conduct.

      Additionally, the AHLI defendants argue that any agreement between Brown and the insured conferring an employment benefit would be preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA").  This argument is without merit.  ERISA applies to employment benefit plans.  Whether an arrangement for employee benefits is an employment benefit plan within the meaning of ERISA depends on whether the benefits involve an "ongoing administrative scheme."  Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 12 (1987).  In this case, Guerrero contends that the insured entered into an agreement with Brown to confer a lump sum payment in the amount of $100,000 to Guerrero in the event of his death.  The type of benefits arrangement that Guerrero alleges is the sort of "straightforward computation of a one-time obligation," not involving any discretion on the part of a plan administrator, that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-07-3248 CAS (CWx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | OHIO NATIONAL LIFE ASSURANCE CORPORATION v. DWAYNE E. BROWN; ET AL. | | |

Furthermore, while the AHLI defendants maintain that Brown purchased the policy in order to protect AHLI in the event of the insured's death, some facts indicate that this was not Brown's motive. The fact that Brown designated himself as the primary beneficiary, rather than AHLI, supports Guerrero's argument that Brown caused AHLI to purchase the policy, not for the benefit of AHLI, but for his own benefit. Moreover, there is evidence that the AHLI defendants had little or no reason to purchase key employee life insurance on the life of the insured. The AHLI defendants assert that the insured provided credit repair services, meaning that he assisted loan applicants with their credit problems. Brown Decl. ¶ 6. They assert that his services were significant to the success of AHLI because they allowed more persons to qualify for loans and gave AHLI a competitive edge. Id. ¶ 7. However, Katha and Guerrero state that the insured worked for AHLI as a courier. Katha Decl. ¶ 2; Guerrero Decl. ¶ 2. Guerrero states that the insured's job was to pick up and deliver things for AHLI and run personal errands for Brown. Guerrero Decl. ¶ 3. A bookkeeper and accountant for AHLI testified that the insured's job was to run errands, including getting ink for the computer printers at AHLI's office. Deposition of Cindy Rose ("Rose Depo.") 7:2-9. Furthermore, in his cross-complaint against Guerrero, Brown asserted that the insured was employed "as an independent contractor to provide confidential and secure delivery services" to AHLI. Brown Cross-Compl. ¶ 3. These facts indicate that the insured was not a key employee. A jury could reasonably conclude from these facts that AHLI had no reason to obtain key employee life insurance on the life of the insured.

The Court concludes that there are genuine issues of material fact that preclude granting summary judgment in favor of the AHLI defendants on the issue of Guerrero's claim for declaratory relief. Accordingly, defendants' motion for summary judgment as to this issue is DENIED.

---

does not rise to the level of an ongoing administrative scheme. See Delaye v. Agripac, Inc., 39 F.3d 235, 237-38 (9th Cir. 1994); Velarde v. Pace Mbrshp. Warehouse, 105 F.3d 1313, 1316-17 (9th Cir. 1997). Therefore, because the benefits arrangement alleged by Guerrero is not an employment benefit plan within the meaning of ERISA, there is no issue of ERISA preemption.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-07-3248 CAS (CWx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | OHIO NATIONAL LIFE ASSURANCE CORPORATION v. DWAYNE E. BROWN; ET AL. | | |

### B. Summary Judgment on the Question Whether the AHLI Defendants Are Liable for Back Wages Owed to the Insured

The AHLI defendants argue that Guerrero has failed to provide any evidence in support of her claim that the insured was not paid all wages owed to him. The AHLI defendants also appear to argue that Guerrero lacks standing to raise this claim.

Guerrero has standing to sue for earned wages that were not paid to the insured. To establish standing, Guerrero need only allege that she has an ownership interest in these unpaid wages under California law. It is not disputed that the insured earned his wages while he and his wife, Guerrero, lived in California, a community property state. See Cal. Fam. Code §§ 760, 751. Accordingly, Guerrero has established that she possesses an ownership interest that confers standing.
///
///

On this record, the Court cannot determine as a matter of law that Guerrero is not entitled to unpaid wages. Guerrero proffers Forms 1099 in the insured's name, filed with the IRS for the years 2004, 2005, and 2006. Gunderson Decl. Ex. 8. These forms indicate that the insured earned $38,530.80 in 2004, $37,400.19 in 2005, and $52,160.80 in 2006. Id. Guerrero further proffers paychecks from AHLI to the insured, showing that he was paid only $25,500 in 2004, and only $25,000 in 2005 and 2006, respectively. Id. Ex. 5. Based on these discrepancies, Guerrero argues that the AHLI defendants underpaid the insured $52,591.79 in these three years.

While other evidence indicates that the insured's salary was $500 a week, which is indisputably what he received -- see Rose Depo. 7:21-8:4 -- the Court concludes that Guerrero has raised a genuine issue of material fact as to the insured's salary. Accordingly, the Court DENIES the AHLI defendants' motion for summary judgment on the question of the AHLI defendants' liability for unpaid wages.

### C. Summary Judgment on the Question Whether the AHLI Defendants Are Liable for Failure to Withhold and Pay Taxes

The AHLI defendants argue that to the extent Guerrero seeks to hold them liable for failing to withhold the insured's taxes, she lacks standing. The AHLI defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-07-3248 CAS (CWx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | OHIO NATIONAL LIFE ASSURANCE CORPORATION v. DWAYNE E. BROWN; ET AL. | | |

maintain that their responsibility to withhold taxes is a duty owed to the federal government, not to her. Moreover, the AHLI defendants argue that they had no duty to withhold the insured's taxes because he was an independent contractor.

The AHLI defendants have not established as a matter of law that the insured was an independent contractor. As discussed above, there is evidence that the insured may have essentially performed the duties of a courier to the AHLI defendants. While Brown asserts that the insured worked independently and had his own clients, the insured's family members and AHLI's bookkeeper indicated that his main responsibilities were to run errands for the AHLI defendants. Brown Decl. ¶ 6; Katha Decl. ¶ 2; Guerrero Decl. ¶ 3; Rose Depo. 7:2-9. To the extent that the insured performed the duties of a courier and ran errands for the AHLI defendants, this suggests that the AHLI defendants exercised the type of control over the insured that is typical of an employee. Because the Court concludes that there is a genuine issue of material fact as to whether the insured was an employee of AHLI, there is, in turn, a genuine issue as to whether the AHLI defendants were under an obligation to withhold his taxes, pursuant to 26 U.S.C. §§ 3403 and 3102(a).

However, an employer's failure to withhold taxes from an employee's pay does not give rise to its liability to the employee. 26 U.S.C. § 3403 expressly provides that an employer is liable to the IRS for the payment of tax withheld and "shall not be liable to any person for the amount of any such payment." Accordingly, suits by employees against employers for tax withheld are statutorily barred. Bright v. Bechtel Petrol., Inc., 780 F.2d 766, 770 (9th Cir. 1986). Similarly, there is no private right of action to enforce an employer's alleged violation of 26 U.S.C. § 3102. See McDonald v. S. Farm Bureau Life Ins. Co., 291 F.3d 718, 726 (11th Cir. 2002); Spilky v. Helphand, 1993 U.S. Dist. LEXIS 6196, *15 (S.D.N.Y. 1993).

Based on the nature of the AHLI defendants' objection to this claim, the Court deems their motion to be a motion for judgment on the pleadings. For the foregoing reasons, the Court GRANTS this motion with leave to amend.

**V. CONCLUSION**

In accordance with the foregoing, the Court DENIES the AHLI defendants'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV-07-3248 CAS (CWx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | OHIO NATIONAL LIFE ASSURANCE CORPORATION v. DWAYNE E. BROWN; ET AL. | | |

motion for summary judgment as to Guerrero's claims for declaratory relief and for unpaid wages.  The Court deems the AHLI defendants' motion for summary judgment on Guerrero's claim for tax liability to be a motion for judgment on the pleadings.  The Court GRANTS this motion with leave to amend.

      IT IS SO ORDERED.

|  | 00 | : | 05 |
|---|---|---|---|
| Initials of Preparer: | | | CMJ |